NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE DE JESUS GARDUNO
GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1056

Agency No.
A208-818-173

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Felipe de Jesus Garduno Gonzalez ("Gonzalez"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his applications for asylum,

---

[*]   This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Whether a particular social group is cognizable is reviewed de novo, but findings of fact, including social distinction determinations, are reviewed for substantial evidence. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and "does not express disagreement with" the IJ's decision, we review the IJ's decision directly. *Viridiana v. Holder*, 646 F.3d 1230, 1233 (9th Cir. 2011) (quotation omitted).

1.     Substantial evidence supports the BIA's denial of asylum and withholding of removal. To establish eligibility for asylum or withholding of removal, a petitioner must show a likelihood or clear probability of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). A particular social group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (quoting *Akosung v. Barr*,

970 F.3d 1095, 1103 (9th Cir. 2020)).

Gonzalez alleges membership in the proposed social group "Mexican individuals who previously resided in the United States." We have held the proposed social group "returning Mexicans from the United States" is not cognizable. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting proposed social group "imputed wealthy Americans"). Because "Mexican individuals who previously resided in the United States" is indistinguishable from "returning Mexicans from the United States," the BIA did not err in finding Gonzalez's proposed social group was not cognizable. Accordingly, the BIA's denial of asylum and withholding of removal is supported by substantial evidence.

2.      Substantial evidence supports the BIA's denial of CAT relief. To qualify for CAT relief, an applicant must show it is "more likely than not" that he would be tortured in his country of removal. 8 C.F.R § 1208.16(c)(2). "Though torture need not be on account of a protected ground, it must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official.'" *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (quoting 8 C.F.R. § 1208.18(a)(1)).

Although Gonzalez testified that the Mexican government is corrupt and that violence in Mexico has increased since he left, he did not provide any evidence that "he, *in particular*, would . . . face torture with government consent or acquiescence

upon his return to Mexico." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Generalized evidence of crime and corruption does not establish the particularized threat of torture necessary for CAT relief. *See id.*; *Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021) (holding that country conditions evidence showing generalized violence did not compel the conclusion that petitioner would more likely than not experience such violence). Thus, the BIA's denial of CAT relief is supported by substantial evidence.

The petition is **DENIED.**